UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:12-CR-88-JMH-6

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT
              AND RECOMMENDATION**

VALENTIN GARCIA-RUIZ,                                                                  DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

On February 26, 2015, Defendant Valentin Garcia-Ruiz filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [R. 435]. The United States responded on July 10, 2015 [R. 448], and Defendant filed an untimely reply on August 18, 2015. [R. 449]. Consistent with local practice, the matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned RECOMMENDS that Defendant's Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

I. BACKGROUND

On April 16, 2013, Defendant pled guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 846. [R. 155]. As part of his plea agreement, Defendant acknowledged that he conspired to distribute cocaine, facilitated the acquisition or transfer of cocaine from Mexico, and distributed ounce quantities of cocaine to Adolfo Torivio Macias. [R. 350]. Additionally, Defendant acknowledged that he directed Ramiro Ozuna-Guerrero, a co-conspirator. [Id.].


Defendant's plea agreement contained non-binding sentencing guideline calculations. [See R. 305]. The language of the plea agreement stated that either party may "object to or argue in favor of other calculations." [Id. at 9].

In Defendant's Pre-Sentence Investigation Report (PSR), the United States Probation Office calculated Defendant's base offense level at level 32. [R. 417]. Probation also determined that Defendant's actions warranted various increases in the offense level: a 2-level increase for possession of firearms, a 4-level increase for Defendant's being a leader or organizer, and a 2-level increase for being directly involved in importation of a controlled substance. [Id.].

At Defendant's sentencing hearing on September 30, 2013, Defendant did not object to the sentencing guideline calculations. His counsel, Pamela Ledgewood, stated that she "made a good faith effort to find appropriate objections to the guidelines and was unable to do so." [R. 414 at 2]. At that point, the Court agreed that the sentencing guidelines were correctly calculated and determined that Defendant faced an advisory guideline range of between 210 and 262 months incarceration. [Id. at 4-5]. Ultimately, the Court sentenced Defendant to 210 months of incarceration followed by five years of supervised release. [Id. at 9]. The sentence was later reduced to 175 months' imprisonment. [R. 437].

Following an unsuccessful appeal to the Sixth Circuit, Defendant now seeks to vacate his sentence under § 2255 by arguing that his counsel, Pamela Ledgewood, was ineffective during his sentencing hearing because she: 1) failed to object to an alleged breach of the plea agreement by the United States, and 2) failed to object to a 4-level increase in Defendant's offense level. [R. 435]. As additional foundation for these claims, Defendant asserts that Ledgewood was ineffective because she failed to communicate with Defendant's former counsel, Daniel Alvarez.

[R. 449]. Defendant also makes other ineffective assistance arguments that are, as far as the Court can tell, intertwined with the above claims: Defendant cites Ledgewood's failure to be informed about his case as the reason he did not enter a voluntary guilty plea; likewise, he alleges that Ledgewood's lack of preparation led to her failure to object to the plea agreement when, according to Defendant, it was "breached" in sentencing.

## II.  STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights . . . ."). For a federal prisoner to prevail on a 28 U.S.C. § 2255 claim, he must show that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

If the movant alleges a constitutional error, he must establish by a preponderance of the evidence, Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings." Watson, 165 F.3d at 488 (citing Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)). If the movant alleges a non-constitutional error, he "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Id. (internal quotation marks omitted).

This being a *pro se* petition, the undersigned is mindful that it is held to a less stringent standard than those drafted by legal counsel and such pleadings are entitled to a liberal

construction that includes all reasonable inferences that can be drawn from them.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III.  ANALYSIS

In the present case, Defendant seeks relief on his § 2255 motion for a violation of his Sixth Amendment rights under the theory of ineffective assistance of counsel.  To prevail on an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, in order to prove deficient performance, a defendant must show that "counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.  In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . . ."  Id.  Second, a defendant must establish prejudice by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694-95.  In the context of a guilty plea, the prejudice element is only satisfied when defendant shows "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Significantly, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance-prejudice] inquiry 'if the defendant makes an insufficient showing on one.'"  Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 697).  With these standards in mind, the undersigned will now address Defendant's claims.

First, Defendant argues that he was denied effective assistance of counsel because his counsel, Pamela Ledgewood, failed to inform him that the United States breached the plea

agreement. [R. 435 at 5]. Defendant asserts that general contract law should apply to any review of a breached plea agreement. The undersigned agrees that contractual principles govern this issue, United States v. Harris, 473 F.3d 222, 225 (6th Cir. 2006), but finds no language in the plea agreement that supports Defendant's claims that a contractual breach occurred.

Specifically, Defendant argues that his plea agreement was breached because an increase in the offense level (pursuant to U.S.S.G. § 2D1.1(b)(14)(C)) that he received was not contained in his plea agreement. [R. 417 at ¶31]. Defendant states that the 2-level increase itself, contained in the PSR, "is not . . . false or inaccurate, but the [increase] was not part of the agreement." [R. 435-1 at 9]. Defendant claims that the discrepancy amounts to a breach, to which Ledgewood should have objected. [Id.]. Defendant cites Prou v. United States, 199 F.3d 37, 48 (1st Cir. 1999), to support his claim that an attorney's failure to raise "an important, obvious defense without any imaginable strategic . . . reason" is constitutionally ineffective. Id. at 48. Defendant further argues that Ledgewood's ignoring an "obvious" discrepancy between his plea agreement and the PSR amounts to ineffective assistance of counsel. [R. 435-1 at 11]. To respond, the United States simply points to the plain terms of Defendant's plea agreement. [R. 447 at 12].

Defendant's plea agreement plainly states that the parties "recommend the following sentencing guidelines calculations, *and they may object to or argue in favor of other calculations*. This recommendation does not bind the Court." [R. 305]. Furthermore, at his rearraignment, Defendant acknowledged understanding that the plea agreement was non-binding and that the guideline calculations were merely recommendations to the Court. [R. 394 at 8-12]. At his sentencing hearing, Defendant's counsel, Ledgewood, stated that she "made a good faith effort to find appropriate objections to the guidelines and was unable to do so." [R. 414 at 2]. At

the hearing, the United States also agreed with Probation's determination that a 2-level increase was warranted. Regardless of Ledgewood's good faith effort, "other calculations" being discussed at Defendant's sentencing hearing clearly did not breach the plain language of the plea agreement. Moreover, Ledgewood stated in open court that she made a good faith effort to object to such an increase, but could not find any valid reason to do so. The plain terms of the plea agreement decide this issue. See United States v. Logan, 542 F. App'x 484, 489 (6th Cir. 2013). Accordingly, the undersigned finds Defendant's allegations of a breached plea agreement to be wholly meritless.

Second, Defendant also claims Ledgewood was ineffective by failing to object to a 4-level increase in the offense level pursuant to U.S.S.G. § 3B1.1(a) based upon his leadership role in the drug conspiracy. [R. 435 at 12]. This claim is plainly meritless.

Sentencing guidelines section 3B1.1(a) states that a 4-point increase is warranted when "the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Defendant claims that his admitting to directing the activities of Ozuna-Guerrero, a co-conspirator, "is [leading only] one not five participants in the conspiracy." [R. 435 at 13]. To support his assertion that leading "one not five" co-conspirators disqualifies him from a 4-level increase, Defendant cites United States v. Medina, 486 F. App'x 558, 561 (6th Cir. 2012) (quoting United States v. Anthony, 280 F.3d 694, 699 (6th Cir. 2002)). However, the Medina opinion clearly states that a defendant need only organize or lead *one of the five* or more participants—not all five—for the 4-level increase to apply. Id. at 561. Here, Defendant openly admitted to leading Ozuna-Guerrero, one of his co-conspirators within a five-person conspiracy, which suffices to qualify Defendant for

the increase under section 3B1.1(a). Accordingly, Defendant cannot successfully base his ineffective assistance claim on a misreading of the law.

Finally, Defendant claims that his guilty plea was not knowingly and voluntarily entered due to his claims of ineffective assistance of counsel as discussed above. [R. 435-1 at 2]. Specifically, Defendant argues that the two arguments above related to the offense level increases and his alleged miscommunication with his counsel Ledgewood, *in toto*, entitle him to relief under § 2255. Defendant cites legal authority on the importance of a voluntary and knowing guilty plea; however, he fails to explain why his sentencing arguments—which the undersigned finds to be meritless, supra—justify this Court finding his plea to be involuntary. [See R. 435-1 at 2-4]. The United States counters that Defendant's plea was knowing and voluntary because the transcript from his rearraignment speaks for itself. [R. 447 at 7].

At his rearraignment, Defendant had a colloquoy, through an interpreter, with the Court to confirm Defendant's competency to enter a guilty plea. [R. 394]. During the colloquoy, the Court asked Defendant whether he understood his plea agreement. Although Defendant stated that he "didn't have enough" time to discuss the plea agreement with his attorney, he acknowledged that his attorney at the time, Daniel Alvarez, read everything to him. [Id. at 5]. Furthermore, Alvarez stated on the record that he met with Defendant and spent "approximately an hour and a half going over [the] plea agreement" with a federally certified interpreter present. [Id. at 8-9]. When asked if he understood the plea agreement to be what was presented at the rearraignment, Defendant answered in the affirmative. [Id. at 9]. When asked if he agreed with the factual basis as described by the United States, Defendant stated that, "[n]o, some things are not correct." [Id. at 22]. However, Defendant soon confirmed to the Court that the recitation of the facts was a "fair statement" of what he had admitted. [Id.].

Initially, the undersigned notes that this particular ineffective assistance argument appears to be based upon Defendant's perception of Ledgewood's failure to communicate with former counsel Alvarez. To be clear, Defendant does not allege that Alvarez, too, provided him ineffective assistance. [R. 449 at 3]. The record shows that Alvarez had previously met with Defendant, assisted by a qualified interpreter, and discussed the plea agreement prior to Defendant's rearraignment. [R. 394 at 8-9]. No aspect of the proceedings indicates that Defendant was coerced or incompetent when he entered his guilty plea before the Court. However, Defendant alleges that Ledgewood provided ineffective assistance at the subsequent sentencing hearing because she failed to communicate with Alvarez, presumably to be "up to date" on Defendant's case. [R. 449 at 5]. Defendant argues that, with such preparation, Ledgewood would have had some sort of information at her disposal to object to the increases at issue. But Defendant has completely failed to point to any specific information that, had Ledgewood known it, she could have validly objected to a particular increase. Indeed, the undersigned finds that the two particular increases at issue are clearly applicable to Defendant. See supra Part III. Even assuming that Defendant is correct that Ledgewood could have spent more time with him or been more prepared, the applicability of these increases to Defendant's case is a matter of clearly-settled law. To be clear, Ledgewood accurately informed the Court that no good faith objections were available to Defendant at the time. [R. 414 at 2]. Thus, Defendant cannot prove that his counsel's performance fell below an objective standard of reasonableness or that any of Ledgewood's actions prejudiced him. See Strickland v. Washington, 466 U.S. 668, 688 (1984). Defendant's failure to satisfy either prong of the Strickland test relieves the Court from considering the other prong. Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 697). Moreover, because this

case concerns a guilty plea, Defendant has failed to meet his burden under Strickland because he has not claimed that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Accordingly, the undersigned cannot find that Defendant's counsel provided him with ineffective assistance at his sentencing hearing.

## IV. CONCLUSION

For the above reasons, it is RECOMMENDED that Defendant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [R. 435], which is based on a claim for ineffective assistance of counsel, be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed November 12, 2015.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge