UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Case No. |
| | ) | 5:12-cr-88-JMH-REW |
| v. | ) | |
| | ) | (Related Civil Action |
| VALENTIN GARCIA-RUIZ, | ) | No. 5:15-cv-7390-JMH) |
| Defendant. | ) | **ORDER** |

\*\*\*

Defendant Valentin Garica-Ruiz pled guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 846. [DE 155]. Thereafter, he was sentenced to a term of imprisonment of 210 months, which was at the bottom of his non-binding guideline range (210 to 262 months). [DE 414 at 4-5]. His sentence was later reduced to 175 months. [DE 437].

Following an unsuccessful appeal to the United States Court of Appeals for the Sixth Circuit, Defendant now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 435]. Specifically, Defendant argues that his counsel at sentencing, Ms. Pamela Ledgewood, was ineffective because she: (1) failed to communicate to Defendant that the United States breached his plea agreement by including enhancements at sentencing that were not included in his plea agreement; (2) failed to object to the enhancements in Defendant's offense level and abandoned

Defendant at sentencing; and (3) failed to adequately investigate and prepare for sentencing (i.e. had only met with Defendant twice, both times in the courtroom; had failed to inquire as to Defendant's role; and, failed to speak with Defendant's prior counsel who handled the plea negotiations). Defendant alleges that Ms. Ledgewood's lack of preparedness resulted in her failure to object to the government's alleged breach of the plea agreement and also resulted in Defendant's alleged involuntary guilty plea.

Consistent with local practice, this matter was referred to Magistrate Judge Edward B. Atkins, who filed a Report and Recommendation, recommending that Defendant's motion for habeas relief under 28 U.S.C. § 2255 be denied. [DE 453]. Under Federal Rule of Civil Procedure 72(b)(2), a Defendant has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial

economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Petitioner filed timely objections to the Recommendation. [DE 458]. This matter is now ripe for the Court's consideration. Upon a *de novo* review of the Magistrate Judge's findings and the record below as necessary, the Court will adopt the Magistrate Judge's Recommendation and deny Defendant's motion.[1]

I.

Each of Defendant's claims concern allegations of ineffective assistance of counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. To show a violation of the Sixth Amendment right to effective assistance of counsel, a Defendant must establish (1) that his attorney's performance was deficient by "[falling] below an objective standard of reasonableness" and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has]

---

[1] The relevant facts are adequately summarized in the Magistrate Judge's Report and Recommendation. The undersigned adopts and incorporates those facts, along with the remainder of the analysis, as if fully set forth herein.

3

emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Unless the Defendant demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687. However, a court need not address both prongs if a Defendant fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat,* 102 Fed. App'x 956, 959 (6th Cir. 2004). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 at 689; *see also United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992).

## II.

The only specific objection Defendant raises to the Magistrate Judge's Recommendation is with respect to Defendant's claim that Ms. Ledgewood was ineffective by failing to communicate with Defendant regarding the enhancements proposed at sentencing.

4

In his Report and Recommendation, the Honorable Magistrate Judge Atkins quotes Ms. Ledgewood's statement at the sentencing hearing that she "made a good faith effort to find appropriate objections to the guidelines and was unable to do so." [DE 453 at 5, quoting DE 414 at 2]. Defendant objects to this portion of the Recommendation on the basis that "the Magistrate Judge essentially argues this establishes effective assistance of defense counsel" and that Defendant is not arguing the appropriateness of the guidelines but, rather, the fact that Ms. Ledgewood "never addressed the enhancements." [DE 458 at 1].

A careful review of the Recommendation reveals that the Magistrate Judge's quote of Ms. Ledgewood at sentencing was in response to Defendant's argument that his plea agreement had been breached because his offense level was increased at sentencing. Reviewing the record *de novo*, the Court agrees with the Magistrate Judge that Defendant's plea agreement was not breached. The plea agreement was non-binding and stated that "the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court." [DE 305 at 9]. At re-arraignment, Defendant also acknowledged understanding that the plea agreement was non-binding and that the guideline calculations were recommendations to the Court. [DE 394 at 8-12]. "[W]here the court has scrupulously followed the

5

required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers,* 170 F.3d 560, 566 (6th Cir.1999)(explaining that failing to hold defendants to their statements would "render[ ] the plea colloquy meaningless" and "condon[e] the practice by defendants of providing untruthful responses to questions during plea colloquies") (*quoting Baker v. United States,* 781 F.2d 85, 90 (6th Cir.1986)); *see also Blackledge v. Allison,* 431 U.S. 63, 74 (1977) ("[s]olemn declarations in open court carry a strong presumption of verity").

Therefore, because the plea agreement was non-binding, which Defendant acknowledged, the plea agreement was not breached by the increase in Defendant's offense level at sentencing based on the sentencing guideline calculations included in the U.S. Probation Office's Pre-Sentence Investigation Report.  Because there was no breach of the plea agreement, Ms. Ledgewood's failure to communicate the alleged "breach" to Defendant does not constitute objectively unreasonable representation under *Strickland*. Additionally, counsel's failure to object to the proposed sentence was also not objectively unreasonable.  Counsel had no duty to object to the government's sentence recommendation because the government reserved the right to use its discretion when recommending a sentence in the plea agreement.  Counsel was also under no duty to object to the plea agreement "breach" (i.e. the

6

enhancements) because, as counsel stated, she had no good faith basis for doing so.

As to the second prong of *Strickland*, Magistrate Judge Atkins correctly concluded that even if the Court were to find that Ms. Ledgewood's action rendered her performance objectively unreasonable, Defendant has not demonstrated prejudice relating to his decision to plead guilty. In particular, Defendant has failed to meet his burden under *Strickland* because he has failed to establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Defendant's remaining objections to the Magistrate Judge's Recommendation reassert the arguments raised in his original motion to vacate, that is, that Ms. Ledgewood failed to adequately investigate Defendant's role and prepare for the sentencing hearing and failed to communicate with Defendant regarding the enhancements. Nevertheless, the Court has given full consideration to Defendant's objections. Having considered the issues raised *de novo*, the Court finds the Defendant's objections to be without merit. Because the issues raised were thoroughly and correctly addressed by the Magistrate Judge, writing in detail is unnecessary. Wherefore, the Court hereby overrules Defendant's

7

objections and adopts the Magistrate Judge's report and recommendation in full.

### III.

Accordingly, for the foregoing reasons, it is **ORDERED**:

(1) that the Report and Recommendation of Magistrate Judge Edward B. Atkins [DE 453] is **ACCEPTED** and **ADOPTED** over Defendant's objections and **INCORPORATED** herein by reference;

(2) that Defendant's Objections [DE 458] to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

(3) that Defendant's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 435] is **DENIED**;

(4) that the proceeding filed pursuant to 28 U.S.C. § 2255 shall be **DISMISSED;** and

(5) this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This the 21st day of January, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge